UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **12-22368-CIV-MORENO**

GARY GUERRIER,

    Plaintiff,

vs.

MEI GAMMA, LLC, a Florida Non-Profit Corporation d/b/a UMAMI JAPANESE RESTAURANT, and YING YI LI,

    Defendants.
_____/

## ORDER DENYING MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

THIS CAUSE came before the Court upon Plaintiff's Omnibus Motion for Conditional Certification of Collective Action Under the Fair Labor Standards Act, Production by Defendant of a Comprehensive List of Present and Former Employees, and Court-Authorized Mailing of Opt-In Notices **(D.E. No. 14)**, filed on **October 3, 2012**. Plaintiff Gary Guerrier filed this motion to conditionally certify the present case as a collective action under the Fair Labor Standards Act ("FLSA"). Defendants responded in opposition, challenging the sufficiency of Guerrier's allegations that other similarly situated employees existed who wished to join in the suit. This Court agrees with Defendants and accordingly denies Guerrier's motion without prejudice and with leave to refile.

### I. FACTUAL BACKGROUND

Defendants Mei Gamma, LLC and Ying Yi Li employed Plaintiff Guerrier as a cook from December 2009 to June 2010. Guerrier brought this suit against his former employers alleging that they denied him proper overtime compensation for workweeks longer than forty hours in

violation of the FLSA.  In addition, he claims that Defendants violated Florida law by firing him in retaliation for his attempt to seek workers' compensation for a work-related injury.

In the present motion, Guerrier seeks certification of the case as a collective action under the FLSA.  Specifically, he wishes to sue on behalf of anyone who, like himself, worked as a cook for Defendants from 2009 to the present.  Defendants in response contest the adequacy of the allegations contained in Guerrier's motion.

## II. LEGAL STANDARD

The FLSA permits collective actions against employers for violations of the statute.  In particular, 29 U.S.C. § 216(b) states that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b) (2012).  Yet § 216(b) requires that all similarly situated employees affirmatively opt into the suit before becoming party plaintiffs.  *See id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

A two-step procedure exists for determining whether to certify a class under the FLSA.  The initial step, and the step at issue in the present matter, is known as conditional certification.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008).  During this stage, the court has the authority to decide whether it should notify other similarly situated persons.  *See Chung v. Affordable Battery, Inc.*, No. 12-60612-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 123006, at *3 (S.D. Fla. Aug. 29, 2012).  In making this decision, the court must first "satisfy itself that there are other employees . . . [(1)] who desire to 'opt-in' and [(2)]

who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id.* (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)).

To demonstrate both aspects of this initial inquiry, the plaintiff has the burden of showing "a 'reasonable basis' for his claim that there are other similarly situated employees." *Morgan*, 551 F.3d at 1260. Though the court applies a "lenient standard" at this initial stage, "a plaintiff cannot rely on speculative, vague, or conclusory allegations." *Chung*, 2012 U.S. Dist. LEXIS 123006, at *4. At the very least, a plaintiff must offer "more than 'only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would come from other [locations].'" *Morgan*, 551 F.3d at 1261 (quoting *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)).

## III. DISCUSSION

In the present case, Guerrier provides only brief, general assertions regarding the existence of similarly situated employees who desire to opt into the suit. Indeed, Guerrier scarcely refers to the other putative plaintiffs at all in his motion. As a cook employed by Defendants, he notes that "[m]ost employees of Defendant[s] often performed the same jobs." Pl.'s Mot. for Conditional Certification, at 4. Guerrier then asserts that "[a]lmost all of the 'cooks' worked a considerable amount of overtime hours" for which Defendants failed to properly compensate them. *Id.* He concludes therefore that "it is clear that there are many similarly situated persons who worked as a 'cook' that worked over forty (40) hours per week, and that did not receive overtime pay." *Id.* at 5.

Yet, even with the lenient standard employed at this stage, such cursory allegations are

not adequate to support a conditional certification under the FLSA.  Guerrier offers unfounded assertions that the other cooks are similarly situated, alleging nothing more than the fact that they "often performed the same jobs" and worked "a considerable amount" of overtime hours without proper compensation.  *See id.* at 4.  Additionally, he provides no evidence that these parties have a desire to opt into the suit.  In fact, this Court recently denied a similar motion for conditional certification in *Chung v. Affordable Battery, Inc. See Chung*, 2012 U.S. Dist. LEXIS 123006, at *5–6.  In that case, the plaintiff sought conditional certification of a proposed class consisting of "dispatchers, drivers, or non-exempt employees paid an hourly wage," of which he estimated there to be "not less than fifteen members." *Id.* at *5.  Noting the absence of further detail regarding the makeup of the class as well as any indication that these other employees wished to join in the suit, the Court denied the motion. *See id.* at *5–6.  In the same manner, Guerrier's motion relies on vague and speculative statements regarding the existence of other putative plaintiffs.  The Court therefore denies the motion without prejudice and with leave to refile.

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that the motion is DENIED without prejudice and with leave to refile.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of November, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record